# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2873EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Gary Lee Smith, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 1998
Filed: December 23, 1998

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Around midnight on April 28, 1997, a county police officer was dispatched to the site of a single car accident in rural Arkansas. When the officer arrived, Gary Lee Smith was standing beside his car, which was partially in a ditch and partially in the roadway. To prepare the accident report, the officer asked Smith for his identification, registration, and insurance papers. When Smith got into his car to retrieve the papers, the officer saw a suede pouch on the floorboard next to Smith. Based on her experience, the officer recognized it was a gun pouch. Smith repeatedly tried to cover the gun pouch with a notebook, but the notebook kept sliding off. Fearing for her safety and believing Smith had committed the crime of carrying a gun in a vehicle, the

officer told Smith to get out of his car. Smith complied. The officer searched the car and found an unloaded automatic pistol in the pouch along with shells for both the pistol and a shotgun.

The Government charged Smith with being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(e) (1994). After the district court denied Smith's motion to suppress the gun, Smith pleaded guilty, reserving the right to appeal the suppression decision. Smith now appeals, asserting the search violated the Fourth Amendment. Smith contends there was no reasonable suspicion of criminal conduct to justify his detention and the search of his car.

The officer lawfully approached Smith's vehicle to investigate the traffic accident in the officer's community caretaking capacity. See United States v. King, 990 F.2d 1552, 1560-61 (10th Cir. 1993); see also Cady v. Dombrowski, 413 U.S. 433, 441 (1973). The officer's observation of a gun pouch in Smith's car and Smith's attempts to conceal it gave the officer a reasonable suspicion that Smith was carrying a weapon in violation of Arkansas law. See Ark. Code Ann. § 5-73-120 (Michie 1993) (unlawful to carry handgun in vehicle). Given Smith's furtive attempts to hide the gun pouch, the officer could rationally infer the pouch contained a gun and Smith was carrying it illegally. See id. § 5-73-120(c) (defenses to prosecution); see also King, 990 F.2d at 1563 n.5. The officer could then search the automobile without a warrant because the officer had probable cause to believe she would find evidence of criminal activity. See United States v. Patterson, 140 F.3d 767, 773 (8th Cir.), cert. denied, 119 S. Ct. 245 (1998).

We thus affirm the district court's denial of Smith's motion to suppress the gun.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.